IH-32                                                                                                                          Rev: 2014-1

# United States District Court
for the
## Southern District of New York
### Related Case Statement

---

**Full Caption of Later Filed Case:**

STATE OF NEW YORK, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, STATE OF HAWAI  I, STATE OF ILLINOIS, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NORTH CAROLINA, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WASHINGTON; CITY OF CENTRAL FALLS, CITY OF CHICAGO, CITY OF COLUMBUS, CITY OF NEW YORK, CITY OF PHILADELPHIA, CITY OF PHOENIX, CITY OF PITTSBURGH, CITY OF PROVIDENCE, CITY AND COUNTY OF SAN FRANCISCO, CITY OF SEATTLE; CAMERON COUNTY, EL PASO COUNTY, HIDALGO COUNTY,  and MONTEREY COUNTY

| Plaintiff | Case Number |
|---|---|
| vs. | 20-5770 |
| DONALD J. TRUMP, in his official capacity as President of the United States; UNITED STATES DEPARTMENT OF COMMERCE; WILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce; BUREAU OF THE CENSUS; and STEVEN DILLINGHAM, in his official capacity as Director of the United States Census Bureau, | |
| Defendant | |

**Full Caption of Earlier Filed Case:**

(including in bankruptcy appeals the relevant adversary proceeding)

STATES OF NEW YORK, COLORADO, CONNECTICUT, DELAWARE, ILLINOIS, IOWA, MARYLAND, MINNESOTA, NEW JERSEY, NEW MEXICO, NORTH CAROLINA, OREGON, RHODE ISLAND, VERMONT, and WASHINGTON; COMMONWEALTHS OF MASSACHUSETTS,  PENNSYLVANIA, and VIRGINIA; DISTRICT OF COLUMBIA; CITIES OF CENTRAL FALLS, CHICAGO, COLUMBUS, NEW YORK, PHILADELPHIA, PHOENIX, PITTSBURGH, PROVIDENCE, and SEATTLE; CITY and COUNTY of SAN FRANCISCO; COUNTIES OF CAMERON, EL PASO, HIDALGO, and MONTEREY; and the UNITED STATES CONFERENCE OF MAYORS,

| Plaintiff | Case Number |
|---|---|
| vs. | 1:18-cv-2921 (JMF) |
| UNITED STATES DEPARTMENT OF COMMERCE; and WILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce, and BUREAU OF THE CENSUS, an agency within the United States Department of Commerce; and RON S. JARMIN, in his capacity as performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau, | |
| Defendant | |

IH-32                                                                                                                    Rev: 2014-1

Status of Earlier Filed Case:

☑ Closed    (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☐ Open      (If so, set forth procedural status and summarize any court rulings.)

On 1/15/2019, the district court issued findings of fact and conclusions of law and entered final judgment and a permanent injunction in 18-cv-2921. No appeal is pending. Following the entry of judgment, there was further litigation relating to sanctions; the sanctions motion was resolved by the court's decision dated 5/21/2020.

Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.

Please see attached addendum.

Signature: /s/ Elena Goldstein                    Date: 7/24/2020

Firm: New York State Office of the Attorney General

*Addendum*

Local Rule 13, which governs the designation of related actions, strongly favors a determination of relatedness.

First, both actions concern substantially similar parties and events. *See* Local Rule 13(a)(1)(A). Both cases stem from defendants' efforts to exclude immigrants from the decennial census count and to effectively redistribute political power away from jurisdictions that are home to large numbers of immigrant families. After defendants failed in their efforts to effectuate these goals by adding a citizenship question to the decennial census, they announced that they would take another action to accomplish their goal; the instant case challenges that subsequent action. Indeed, the Presidential Memorandum at issue in the instant matter explicitly references and relies upon actions related to the prior litigation, namely, the Federal government's decision to use administrative records to gather citizenship information. Moreover, the parties are substantially similar. Thirty-two of the the state, county, and local government plaintiffs in the instant action were likewise plaintiffs in *New York v. Commerce*. Likewise, both cases include the same defendants, the Department of Commerce, Secretary of Commerce, Bureau of the Census, and Director of the Census Bureau; the instant matter also names the President of the United States as a defendant.

Second, there is substantial factual overlap between the two matters. *See* Local Rule 13(a)(1)(B). As detailed above, both cases concern the same fundamental conduct, namely, the federal government's efforts to deny immigrants, and the jurisdictions in which they disproportionately reside, their proper allocation of political power. Both cases allege overlapping harms; in both cases, plaintiffs alleged that defendants' interference with the census count will harm plaintiffs by, *inter alia*, undermining their ability to conduct congressional and state-level redistricting, depriving them of critical federal funding, and eroding the quality of census data relied on by plaintiffs to perform essential government functions. There are a myriad of other overlapping factual issues, including the quality and availability of administrative records to demonstrate citizenship or immigration status, the role and impact of census non-response follow up operations in ensuring data quality, and issues surrounding response rates for hard-to-count communities.

The district court's prior factual findings raise a concern that, absent a related case designation, the "parties could be subjected to conflicting orders" in contravention of Local Rule 13(a)(1)(C). The district court made a multitude of findings on the complex and technical overlapping factual issues described above. A related-case designation would ensure consistency with respect to these findings and concomitant orders. Moreover, the conduct alleged in the instant case may implicate the permanent injunctive relief already ordered by the district court, and over which that court retains jurisdiction. Relatedness would ensure that multiple proceedings need not be commenced before multiple judges.

Finally, absent a determination of relatedness, "there would be a substantial duplication of effort" and burden on the Court. Local Rule 13(a)(1)(D). The district court previously held a lengthy bench trial and reviewed hundreds and thousands of pages of documents relating to these issues. Given the substantial overlap between the cases, a relatedness determination would conserve judicial resources.