UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                  :
STATE OF NEW YORK, et al.,                        :
                                  :
                      Plaintiffs,              :          20-CV-5770 (JMF)
                                  :
       -v-                              :
                                  :
DONALD J. TRUMP, *in his official capacity as*   :
*President of the United States*, et al.,         :
                                  :
                    Defendants.           :
                                  :
------------------------------------------------------------------------X
                                  :
NEW YORK IMMIGRANT COALITION, et al.,   :
                                  :
                    Plaintiffs,              :          20-CV-5781 (JMF)
                                  :
       -v-                              :
                                  :
DONALD J. TRUMP, *in his official capacity as*   :             ORDER
*President of the United States*, et al.,         :
                                  :
                  Defendants.           :
                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Yesterday, the S.D.N.Y. Assignment Committee determined that, pursuant to Rule 13 of the S.D.N.Y. Rules for the Division of Business Among District Judges, these two cases should be assigned to the undersigned as related to *State of New York v. U.S. Department of Commerce*, 18-CV-2921 (JMF). Later the same day, the Court granted, on consent, the motion of Plaintiffs in 20-CV-5770 (JMF) to serve the summons and complaint on Defendants by email. (The Court has not yet received a similar motion in 20-CV-5781 (JMF).)

       Given the time sensitivities involved with the issues in this case, and the inability to safely convene for an in-person conference in light of the COVID-19 pandemic, the Court will hold an initial pretrial conference with all parties by telephone on Thursday, **August 13, 2020**, at **2:15 p.m.** The Court will issue an order closer to the date with call-in information for counsel and members of the public to access the telephone conference.

Counsel shall promptly confer and, no later than **August 10, 2020**, submit a joint letter summarizing the parties' views on the following issues in separately numbered sections:

(1) whether and to what extent the two cases should be consolidated (pursuant to Rule 42 of the Federal Rules of Civil Procedure) or otherwise coordinated, *see, e.g.*, 18-CV-2921 (JMF), ECF No. 322 (Sept. 14, 2018) (formally consolidating 18-CV-2921 (JMF) and 18-CV-5025 (JMF));

(2) the status and relevance to these cases of *State of Alabama v. U.S. Department of Commerce*, 18-cv-00772 (RDP) (N.D. Ala.); *Common Cause v. Trump*, 20-CV-2023 (D.D.C.); *Haitian-Americans United, Inc. v. Trump*, 20-CV-11421 (D. Mass.); and *City of San Jose v. Trump*, 20-CV-5167 (N.D. Cal.), and whether or to what extent the Court should coordinate or communicate with the judges presiding over those cases;

(3) whether there is a date by which the issues in these cases need to be resolved and, if so, what that date is;

(4) whether Plaintiffs anticipate moving for preliminary relief and, if so, when and on what grounds;

(5) whether Defendants anticipate moving to dismiss one or both cases and, if so, on what grounds;

(6) whether there are threshold issues — such as standing, ripeness, or (for claims under the Administrative Procedure Act) the existence of final agency action — that should be addressed and, if so, when and how they should be raised and addressed;

(7) what effect, if any, the record in *State of New York v. U.S. Department of Commerce*, 18-CV-2921 (JMF), should have on these cases, including but not limited to whether the record, either now or later and either in whole or in part, should be deemed to be part of the record in these cases (e.g., with respect to standing);

(8) (a) whether any of Plaintiffs' claims can be litigated on the basis of stipulated facts and/or without discovery (or with minimal discovery) and without the production of an Administrative Record; (b) if so, whether such claims should be handled on a separate, faster track from claims that would require either or both the production of an Administrative Record or discovery; and (c) if so, the most efficient means to present those claims for resolution by the Court (e.g., a motion for preliminary injunction, a motion for summary judgment, or a bench trial on stipulated facts);

(9) to the extent that discovery is appropriate for any of Plaintiffs' claims, the nature and extent of such discovery — including whether there is any anticipated need for motion practice (e.g., with respect to depositions of high-ranking officials) — and how such discovery should be handled in light of the COVID-19 pandemic; and

(10)   any other information that the parties believe may assist the Court in advancing the case to resolution, including, but not limited to, a description of any dispositive

issue or novel issue raised by the case.

Counsel should then be prepared to address these issues — and a schedule for these cases — at the initial pretrial conference.

All counsel are required to register promptly as filing users on ECF and to familiarize themselves with the SDNY ECF Rules & Instructions, which are available at https://www.nysd.uscourts.gov/electronic-case-filing.  All counsel must also familiarize themselves with the Court's Individual Rules and Practices for Civil Cases and Emergency Individual Rules and Practices in Light of COVID-19, both of which are available at https://www.nysd.uscourts.gov/hon-jesse-m-furman.  Absent leave of Court obtained by letter-motion filed before a conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must ordinarily be received at least 48 hours before the deadline or conference.  The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court.  Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

No later than **July 29, 2020**, Plaintiffs' counsel shall serve a copy of this Order by email on counsel for Defendants **and** file proof of such service with the Court.  Defense counsel shall promptly enter notices of appearance in both cases.

SO ORDERED.

Dated: July 28, 2020  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge