August 5, 2020

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> RE: Plaintiffs' request for a statutory three-judge court in *State of New York, et al. v. Trump, et al.*, 20-CV-5770 (JMF), and *New York Immigration Coalition, et al. v. Trump, et al.*, 20-CV-5781 (JMF).

Dear Judge Furman,

For the reasons that follow, Plaintiffs respectfully request the appointment of a three-judge court in these consolidated cases challenging Defendants' decision to exclude undocumented immigrants from the apportionment base.

28 U.S.C. § 2284 provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." *Id.* § 2284(a). A three-judge court is warranted in these actions for two reasons.

First, and in consideration of the position Defendants have taken (ECF No. 37 at 12-13), Plaintiffs agree that there is authority indicating that these cases require adjudication by a three-judge court because they challenge "the constitutionality of the apportionment of congressional districts," and that the issue is, at the least, a close question. 28 U.S.C. § 2284(a); *see Franklin v. Massachusetts*, 505 U.S. 788, 791 (1992) (reviewing decision of a three-judge court regarding the method used for counting federal employees serving overseas, which "altered the relative state populations enough to shift a Representative from Massachusetts to Washington"); *Massachusetts v. Mosbacher*, 785 F. Supp. 230, 234-38 (D. Mass. 1992) (three-judge court) (three-judge court statute applies to interstate apportionment of House seats); *cf. Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 135 S. Ct. 2652 (2015) (affirming judgment of three-judge court convened under § 2284(a) that state law establishing commission to draw congressional district boundaries is constitutional); *see also* 17A Wright & Miller, Fed. Practice & Proc. § 4235 (3d ed. 2002 & supp. 2020).

In light of this authority, Plaintiffs believe a three-judge court should be convened because the failure to do so could be a jurisdictional error requiring reversal, *see Karlson v. Paterson*, 542 F.3d 281, 286-87 (2d Cir. 2008), and because an ultimate decision by the three-judge court could be certified by this Court as one the Court would independently reach. *Fed'n for Am. Immigration Reform v. Klutznick*, 486 F. Supp. 564, 577-78 (D.D.C. 1980) (three-judge court) (including certification from District Judge that "he individually arrived at the same conclusion that we collectively reached" out of "'abundant caution'" to ensure "that in the event we are mistaken, an appeal can still be expeditiously taken in the appropriate forum") (quoting *Swift & Co. v. Wickham*, 230 F. Supp. 398, 410 (S.D.N.Y. 1964) (three-judge court)).

Second, the NYIC Plaintiffs filed an amended complaint today that adds a claim for relief under 13 U.S.C. § 195, which provides that "[e]xcept for the determination of population for purposes of apportionment of Representatives in Congress among the several States, the Secretary shall, if he considers it feasible, authorize the use of the statistical method known as 'sampling' in carrying out the provisions of this title."  ECF No. 57, at ¶¶ 11, 16, 181, 251-62.  Congress has provided a right of action to enforce this provision, and has further provided that any action brought under that section "shall be heard and determined by a district court of three judges in accordance with section 2284 of title 28, United States Code."  Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act, 1998, § 209(b), (e)(1), Pub. L. No. 105-119, 111 Stat. 2440, 2481-82 (1997) ("1998 Appropriations Act") (codified at 13 U.S.C. § 141 note).  The 1998 Appropriations Act further provides that "[i]t shall be the duty of a United States district court hearing an action brought under this section and the Supreme Court of the United States to advance on the docket and to expedite to the greatest possible extent the disposition of any such matter."  *Id.* § 209(e)(2), 111 Stat. at 2482 (codified at 13 U.S.C. § 141 note).

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo
Judith N. Vale
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

*Attorneys for the Plaintiffs in* 20-CV-5770

By: */s/ Dale Ho*
Dale Ho
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org

Sarah Brannon*
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337

John A. Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601

sbrannon@aclu.org                           pgrossman@nyclu.org

*Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).*

Andre Segura**
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-9146
Fax: (713) 942-8966
asegura@aclutx.org

**Motion for admission pro hac vice forthcoming*

*Attorneys for the Plaintiffs in* 20-CV-5781