UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
      :
STATE OF NEW YORK, et al.,                        :          20-CV-5770 (JMF)
      :
             Plaintiffs,                      :         REQUEST TO THE CHIEF
      :         JUDGE OF THE U.S.
     -v-                            :         COURT OF APPEALS FOR
      :         THE SECOND CIRCUIT
DONALD J. TRUMP, *in his official capacity as*      :         FOR APPOINTMENT OF A
*President of the United States*, et al.,             :         THREE-JUDGE PANEL
      :         PURSUANT TO
             Defendants.                   :         28 U.S.C. § 2248(b)
      :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 21, 2020, President Donald J. Trump issued a memorandum (the "Presidential Memorandum") announcing that "it is the policy of the United States to exclude from the apportionment base aliens who are not in a lawful immigration status" and directing the Secretary of Commerce to "take all appropriate action, consistent with the Constitution and other applicable law, to provide information permitting the President, to the extent practicable, to exercise the President's discretion to carry out th[is] policy." Excluding Illegal Aliens From the Apportionment Base Following the 2020 Census, 85 Fed. Reg. 44,679, 44,680 (July 23, 2020). Plaintiffs in these consolidated cases challenge the Presidential Memorandum on various constitutional and statutory grounds. *See* ECF Nos. 34, 62. Among other things, Plaintiffs in 20-CV-5781 (the "NYIC Plaintiffs") allege that the Presidential Memorandum violates 13 U.S.C. § 195, which provides that, "[e]xcept for the determination of population for purposes of *apportionment of Representatives in Congress among the several States*, the Secretary shall, if he considers it feasible, authorize the use of the statistical method known as 'sampling' in carrying out the provisions of this title." ECF No. 62, ¶ 252 (emphasis in original) (quoting 13 U.S.C.

§ 195); *see also id.* ¶¶ 11, 16, 181, 251, 253-62.

On August 5, 2020, Plaintiffs filed a letter-motion requesting that this Court notify the Chief Judge of the United States Court of Appeals for the Second Circuit that a three-judge court should be designated to hear these cases, pursuant to 28 U.S.C. § 2284. *See* ECF No. 58. Last night, Defendants filed a letter stating that they "do not oppose" the request. ECF No. 65. To the extent relevant here, Section 2284 mandates that a "district court of three judges" be convened "when an action is filed challenging the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a). More specifically, it provides that, "[u]pon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit." *Id.* § 2284(b)(1). The Second Circuit has held that Section 2284 is jurisdictional. *See, e.g.*, *Kalson v. Paterson*, 542 F.3d 281, 286-87 (2d Cir. 2008).

Plaintiffs' request is GRANTED, substantially for the two reasons set forth in their letter-motion. First, although a challenge to the conduct of the decennial census alone does not necessarily fall within the statute's scope, even where it may have an effect on apportionment, *see, e.g.*, *Fed'n for Am. Immigration Reform (FAIR) v. Klutznick*, 486 F. Supp. 564, 577 (D.D.C. 1980), the Presidential Memorandum does not purport to change the conduct of the census itself. Instead, it relates to the calculation of the apportionment base used to determine the number of representatives to which each state is entitled. To the extent that Plaintiffs challenge the constitutionality of the Presidential Memorandum, therefore, it would seem that they are challenging "the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a); *see Massachusetts v. Mosbacher*, 785 F. Supp. 230, 234-38 (D. Mass.) (distinguishing, for purposes of three-judge requirement, between challenges to "precursors to

the ultimate apportionment decisions" and "direct challenge[s] to apportionment itself"), *rev'd on other grounds sub nom. Franklin v. Massachusetts*, 505 U.S. 788 (1992); *FAIR*, 486 F. Supp. at 577-78 (explaining the three-judge requirement was intended to cover cases that "directly affect state reapportionment").  At a minimum, the issue is close, and the Court cannot definitively conclude that "three judges are *not* required," which is enough to trigger the notification requirement.  28 U.S.C. § 2284(b)(1) (emphasis added).

      Second, and in any event, the NYIC Plaintiffs allege a violation of 13 U.S.C. § 195 on the ground that the Presidential Memorandum requires "the use of the statistical method known as 'sampling'" in connection with "the determination of population for purposes of apportionment of Representatives in Congress among the several States."  13 U.S.C. § 195; *see* ECF No. 62, ¶¶ 11, 16, 181, 251-62.  Congress has provided a private right of action to enforce that provision and has dictated that any action brought under the provision "shall be heard and determined by a district court of three judges in accordance with section 2284 of title 28, United States Code."  Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, §§ 209(b), (e)(1), 111 Stat. 2440, 2481-82 (1997) ("1998 Appropriations Act") (codified at 13 U.S.C. § 141 note).  The 1998 Appropriations Act further provides that "[i]t shall be the duty of a United States district court hearing an action brought under this section . . . to advance on the docket and to expedite to the greatest possible extent the disposition of any such matter."  *Id.* § 209(e)(2), 111 Stat. at 2482 (codified at 13 U.S.C. § 141 note).

      Accordingly, and substantially for the reasons set forth in Plaintiffs' letter-motion, the Court respectfully requests that the Chief Judge of the United States Court of Appeals for the Second Circuit promptly appoint a three-judge panel to preside over the claims presented by this

litigation. Should the Chief Judge of the Second Circuit need any additional information or have any inquiries, this Court is available at any time.

RESPECTFULLY SUBMITTED.

Dated: August 7, 2020
      New York, New York

_____
JESSE M. FURMAN
United States District Judge