August 14, 2020

The Honorable Richard C. Wesley
Thurgood Marshall U.S. Courthouse
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

The Honorable Peter W. Hall
Thurgood Marshall U.S. Courthouse
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

The Honorable Jesse M. Furman
Thurgood Marshall U.S. Courthouse
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    Plaintiffs' response to Defendants' motion to extend deadlines in *State of New York, et al. v. Trump, et al.*, 20-CV-5770 (RCW) (PWH) (JMF).

Dear Judges Wesley, Hall, and Furman,

      As ordered by the Court (ECF No. 92), Plaintiffs submit the following opposition to Defendants' request to extend the briefing deadlines in this matter.

      Defendants argued at the initial pretrial conference that an expedited schedule was unwarranted because Plaintiffs had not presented *enough* evidence of irreparable harm.  ECF No. 79, Tr. at 39-44.  Defendants now seek to extend the deadlines on the ground that Plaintiffs have presented *too much* evidence of irreparable harm.  ECF No. 91.  Plaintiffs respectfully ask the Court to deny Defendants' effort to place Plaintiffs in this Catch-22.  Defendants should not benefit from delaying resolution of this matter based on an argument that the injuries caused by the Presidential Memorandum are so immediate and wide-ranging in scope that reviewing the evidence of that injury would take too long to grant relief in time to remedy it.

      First, time is of the essence.  The complaints in this action allege—and the supporting evidence presented with Plaintiffs' pending motion establishes—that the Presidential Memorandum is having a deterrent effect on census participation.  *E.g.*, ECF No. 34, ¶¶ 127-136; ECF No. 77, at 40-52.  That deterrent effect is causing immediate and irreparable harm to Plaintiffs, and to the public's interest in a complete and accurate census.  ECF No. 77, at 40-52. As the federal government acknowledged in seeking certiorari before judgment and expedited consideration of the citizenship question litigation before the Supreme Court last year, "the decennial census 'is a matter of national importance' with 'massive and lasting consequences,' and it 'occurs only once a decade, with no possibility of a do-over.'"  *Dep't of Commerce v. New York*, Pet. For a Writ of Certiorari Before Judgment 13, No. 18-966 (U.S. Jan. 25, 2019) (quoting

*New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 517 (S.D.N.Y. 2019)).  And the window for providing relief for this aspect of Plaintiffs' injuries is closing: census followup operations conclude in just 48 days, on September 30, 2020.

Second, the time sensitivity here is entirely of Defendants' own making: it is a function of the President's decision to issue his Memorandum immediately before the start of census followup efforts, and of Defendants' subsequent August 3 decision to truncate those followup efforts by 31 days.  Plaintiffs have acted with alacrity in this litigation, filing their complaints to challenge the Memorandum just three days after it was issued and filing their motion for relief just 14 days after that.  Plaintiffs should not be penalized by time sensitivities caused by decisions entirely within Defendants' control.  *See* ECF No. 79, Tr. at 40 (The Court: "[I]sn't that a problem of the president's own making in the sense that for reasons known only to him he waited until July of this year to issue the memorandum as opposed to issuing it shortly after the citizenship question litigation was resolved, which would have allowed for resolution of this issue before the census date?").

Third, Defendants' arguments in favor of a lengthier briefing schedule were already fully aired and addressed through extensive discussion with the Court and parties at the initial pretrial conference on August 5.  Plaintiffs specifically noted that they intended to present both fact and expert evidence, including from state and local government officials, to substantiate their claims of irreparable injury.  ECF No. 79, Tr. at 27-31.  Plaintiffs even advised Defendants before the initial pretrial conference that they intended to present expert testimony (from former Director of the Census Bureau John Thompson) in connection with Plaintiffs' motion. Ex. 1.  And Defendants made clear in the pre-conference joint letter that they were already planning to argue in their own motion, and in response to Plaintiffs' motion, that Plaintiffs lack standing because they purportedly have not been harmed by Defendants' actions.  ECF No. 37, at 6, 8.  Defendants may not have known the precise number of declarations Plaintiffs would submit to support their request for relief here, but it cannot be argued that Defendants were not on notice of the need to address evidence of Plaintiffs' injuries: indeed, Defendants' counsel specifically argued at the initial pretrial conference that Defendants would need sufficient time to review those facts.  ECF No. 79, Tr. at 39-40, 42.

The Court entered the current briefing schedule in due consideration of all of these factors.  ECF No. 79, Tr. at 45-46.  The full three-judge Court then ratified that briefing schedule the week *after* Plaintiffs filed their motion and all supporting evidence.  ECF No. 86.  Indeed, given the time the parties and the Court already committed to the question of the briefing schedule in this matter, the Court should apply the standard it uses to consider motions for reconsideration of a court order adjudicating a previous motion.  Under that standard, governed by Local Civil Rule 6.3, courts in this district require the moving party to "demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision."  *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003).  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted).  Under this standard, Defendants have failed to present controlling law or factual matters that were before the Court but that the

2

Court overlooked when the operative scheduling order was initially entered or later adopted by the three-judge Court.

Plaintiffs acknowledge that they have presented evidence of widespread irreparable injury. That's because this is a consequential lawsuit that may "have major implications for states, localities, and the people who live in them—indeed, for the country as a whole." *New York*, 351 F. Supp. 3d at 515. Defendants have access to all the resources of the federal government to meet that evidence, and presumably had a view as to the lawfulness of the Presidential Memorandum before it was issued. Plaintiffs respectfully request that the Court maintain the current schedule and deny Defendants' motion to adjourn these deadlines.

Respectfully submitted,

LETITIA JAMES
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo
Morenike Fajana
Elena Goldstein
Fiona J. Kaye
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

*Attorneys for the Plaintiffs in* 20-CV-5770

By: */s/ Dale Ho*
Dale Ho
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org

Sarah Brannon*
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
*Not admitted in the District of Columbia;
practice limited pursuant to D.C. App. R.*

John A. Freedman
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

*49(c)(3).*

Andre Segura**
ACLU Foundation of Texas, Inc.
P.O. Box 8306
Houston, TX 77288
Telephone: (713) 942-9146
Fax: (713) 942-8966
asegura@aclutx.org

***Motion for admission pro hac vice
forthcoming*

*Attorneys for the Plaintiffs in 20-CV-5781*