UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, et al. <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *in his official capacity as President of the United States, et al*. <br><br> Defendants. | Case No. 20-CV-5770 (JMF) |
| NEW YORK IMMIGRATION COALITION, et al. <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *in his official capacity as President of the United States, et al*. <br><br> Defendants. | Case No. 20-CV-5781 (JMF) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION FOR LEAVE TO APPEAR AS AMICI CURIAE BY THE LEAGUE OF WOMEN VOTERS OF THE UNITED STATES, THE LEAGUE OF WOMEN VOTERS CALIFORNIA, THE LEAGUE OF WOMEN VOTERS TEXAS, AND THE LEAGUE OF WOMEN VOTERS FLORIDA**

The League of Women Voters of the United States, the League of Women Voters California, the League of Women Voters Texas, and the League of Women Voters Florida (collectively, the "League"), hereby move for leave to file the attached Proposed Brief of Amicus Curiae in Support of Plaintiffs' Motion for Partial Summary Judgment or Preliminary Injunction [Dkt. 77]. In support of their motion, the proposed amici assert the following:

1.  Plaintiffs seek a declaration and injunction to set aside President Donald Trump's directive to Commerce Secretary Wilbur L. Ross, Jr., to exclude from the apportionment base

undocumented immigrants because, *inter alia*, it: (1) violates Enumeration and Apportionment, Article I, Section 2, Clause 3 of the United States Constitution; (2) violates Section 2 of the Fourteenth Amendment of the United States Constitution; and (3) is *ultra vires* and violates 2 U.S.C. § 2a(a) and 13 U.S.C. § 141. *See* Compl. ¶¶ 182-207 [Dkt. 57].

2. Proposed amici are the League of Women Voters of the United States, the League of Women Voters California, the League of Women Voters Texas, and the League of Women Voters Florida. The League is a nonpartisan, community-based political organization and one of its primary goals is to promote government that is representative, accountable, responsive, and that assures opportunities for effective and inclusive voter participation in government decision-making. A bedrock principle of the League is the "one person, one vote" guarantee of *Reynolds v. Sims*, 377 U.S. 533 (1964), which encompasses both mathematical proportionality in congressional districts, as well as the right to an effective vote and responsive representation. This grounding principle is long-held, dating back to 1966 when the League established their apportionment position: **that the U.S. Constitution should not be amended to allow for consideration of factors other than population in apportionment**.[1]

3. This case poses important questions about whether the Commerce Department, at the President's directive, can exclude undocumented immigrants from the apportionment base. Proposed amici have a strong interest in ensuring the Commerce Department does not reduce states' congressional representation through the exclusion of undocumented immigrants in the apportionment base. Permitting such exclusion would result in underrepresented states in Congress and insufficient federal funding for crucial projects. Further, the impact of excluding

---

[1] *See* League of Women Voters of the United States, *Impact on Issues (2018-2020)*, https://www.lwv.org/sites/default/files/2019-04/LWV%202018-20%20Impact%20on%20Issues.pdf#page=21.

undocumented immigrants will cause Americans in general to become disinterested, distrustful, and/or fearful of government, thereby negatively impacting voter turnout and political participation.

4. The Federal Rules of Civil Procedure do not specifically provide for the filing of amicus briefs at the district court level. *See C & A Carbone, Inc. v. Cty. of Rockland, NY*, No. 08-CV-6459-ER, 2014 WL 1202699, at *3 (S.D.N.Y. Mar. 24, 2014) ("There is no governing standard, rule or statute prescrib[ing] the procedure for obtaining leave to file an amicus brief in the district court." (internal quotation marks omitted)). "District courts have discretion in deciding whether to accept amicus briefs," *Copeland v. Vance*, 230 F. Supp. 3d 232, 236 (S.D.N.Y. 2017), but this district recognizes that "[t]he primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public," *Russell v. Bd. of Plumbing Examiners of Cty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999), *aff'd*, 1 F. App'x 38 (2d Cir. 2001).

5. "'An amicus brief should normally be allowed . . . when the amicus has an interest in some other case that may be affected by the decision in the present case . . . , or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir.1997)).

6. Here, proposed amici are nonpartisan organizations with an interest in the litigation and will offer unique information and perspective. The proposed brief provides information that amici believe is both useful and critical to the Court in evaluating whether Plaintiffs are entitled to partial summary judgment or injunctive relief.

Wherefore, the League of Women Voters of the United States, the League of Women Voters California, the League of Women Voters Texas, and the League of Women Voters Florida request that the Court grant leave to file the attached brief as amicus curiae.

Dated:  August 14, 2020

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ Robert L. Sills*
Robert L. Sills
Michael J. Pisko
Patti Rothenberg
Melissa Pettit
West 52nd Street
New York, NY 10019-6131
Phone: +1.212.858.1114
Fax: 212.858.1500
robert.sills@pillsburylaw.com
michael.pisko@pillsburylaw.com
patricia.rothenberg@pillsburylaw.com
melissa.pettit@pillsburylaw.com

Blaine I. Green (*pro hac vice forthcoming*)
Dustin Chase-Woods (*pro hac vice forthcoming*)
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Phone: +1.415.983.1476
Fax: 415.983.1200
blaine.green@pillsburylaw.com
dustin.chasewoods@pillsburylaw.com

Ashleigh K. Acevedo (*pro hac vice forthcoming*)
Two Houston Center
909 Fannin, Suite 2000
Houston, TX 77010-1018
Phone: +1.713.276.7631
Fax: 713.276.7673
ashleigh.acevedo@pillsburylaw.com

Shani Rivaux (*pro hac vice forthcoming*)
Jennifer Altman (*pro hac vice forthcoming*)
600 Brickell Avenue
Suite 3100
Miami, FL 33131
Phone: +1.786.913.4882
Fax: 786.913.4901

*Counsel for The League of Women Voters of the United States, the League of Women Voters of Texas, the League of Women Voters of Florida, and the League of Women Voters of California*