UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
                                                     :

STATE OF NEW YORK, et al.,                :

                          :

                      Plaintiffs,       :          20-CV-5770 (RCW) (PWH) (JMF)

                          :

           -v-                :                 ORDER

                          :

DONALD J. TRUMP, *in his official capacity as*   :
*President of the United States*, et al.,      :

                          :

                    Defendants.    :

                          :
---------------------------------------------------------------------X

Before:      RICHARD C. WESLEY, United States Circuit Judge
              PETER W. HALL, United States Circuit Judge
              JESSE M. FURMAN, United States District Judge

At the oral argument scheduled for **September 3, 2020** at **10:00 a.m.**, the parties should

be prepared to address the following topics and questions:

- Standing, specifically the components of traceability and redressability.  The parties should be sure to differentiate between the two theories of harm that Plaintiffs allege — the "apportionment harm" and the "Census count harm," *see* ECF No. 150, at 29 — and whether or how each harm relates to, and would be redressable by, the requested relief.

- More specifically, assuming Plaintiffs are correct that the Presidential Memorandum has a chilling effect on Census participation, whether and how would the requested relief redress that injury?  How effective must a remedy be to meet the redressability requirement?  To the extent that the NGO Plaintiffs have diverted, or will divert, resources to address the Presidential Memorandum, would the requested relief redress that harm?

- Additionally, to the extent that the NGO Plaintiffs have diverted, or will divert, resources to address the Presidential Memorandum, in light of *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013), must those expenditures be made in response to injuries that are *themselves* sufficiently imminent and impending to satisfy Article III to constitute cognizable injury?

- Ripeness, both constitutional and prudential, and particularly with respect to the apportionment harm.

- If the Court agrees with Plaintiffs on both the threshold issues of jurisdiction and justiciability and the merits of their statutory or constitutional claims, should it enter a preliminary injunction or grant summary judgment?  Does Plaintiffs' showing of harm bear on that question and, if so, how?

- If the Court rules in Plaintiffs' favor, can it grant effective relief without granting relief against the President himself?

Each side should anticipate having 20-30 minutes for its oral argument.  Only one lawyer from each side will be permitted to speak on a given issue.


SO ORDERED.

Dated: August 31, 2020
       New York, New York

_____/s/_____
          RICHARD C. WESLEY
       United States Circuit Judge

_____/s/_____
           PETER W. HALL
       United States Circuit Judge

_____/s/_____
          JESSE M. FURMAN
       United States District Judge