UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                                :

STATE OF NEW YORK, et al.,                   :
                                :
                 Plaintiffs,     :           20-CV-5770 (RCW) (PWH) (JMF)
                                :
        -v-                        :
                                :
DONALD J. TRUMP, *in his official capacity as*   :
*President of the United States*, et al.,      :
                                :
                 Defendants.    :
                                :
--------------------------------------------------------------------X
                                :

NEW YORK IMMIGRANT COALITION, et al.,   :
                                :
                 Plaintiffs,     :           20-CV-5781 (RCW) (PWH) (JMF)
                                :
        -v-                        :             (Consolidated)
                                :
DONALD J. TRUMP, *in his official capacity as*   :
*President of the United States*, et al.,      :         <u>ORDER OF DISMISSAL</u>
                                :
                 Defendants.    :
                                :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       When this Court issued its Opinion and Order granting Plaintiffs' motion for summary

judgment and denying Defendants' motion to dismiss, familiarity with which is assumed, it held

that the case was ripe based on the Presidential Memorandum's deterrent effects on the then-

ongoing Census.  *See New York v. Trump*, — F. Supp. 3d. —, No. 20-CV-5770 (RCW) (PWH)

(JMF), 2020 WL 5422959, at *15-25 (S.D.N.Y. Sept. 10, 2020) (per curiam) (ECF No. 164).

The Court expressed "considerable doubt" that Plaintiffs' alternative theory of harm —

stemming directly from the exclusion of illegal aliens from the apportionment base — would

support jurisdiction, noting that it was "likely too speculative for Article III purposes," but the Court ultimately refrained from deciding the issue.  *Id.* at \*15 (internal quotation marks omitted).

By the time the Supreme Court heard Defendants' appeal from this Court's decision, the Census count had concluded and, as Plaintiffs apparently conceded, the latter theory of harm was the only potentially valid theory.  *See Trump v. New York*, 141 S. Ct. 530, 534-35 (2020) (per curiam) ("As the plaintiffs concede, any chilling effect from the memorandum dissipated upon the conclusion of the census response period.").  A majority of the Court held that that theory of harm was insufficient to support jurisdiction because it was "riddled with contingencies and speculation."  *Id.* at 535.  Accordingly, the Supreme Court vacated this Court's judgment and "remanded with instructions to dismiss for lack of jurisdiction."  *Id.* at 537.

In light of the Supreme Court's decision, which has now been docketed here, *see* 20-CV-5770, ECF No. 184; 20-CV-5781, ECF No. 71, these cases are dismissed without prejudice to the filing of a new lawsuit challenging the Presidential Memorandum if or when Plaintiffs' claims are once again ripe for judicial review.[1]

SO ORDERED.

Dated: January 15, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[1]     Although these cases were heard by a three-judge panel, 28 U.S.C. § 2284(b)(3) provides, in relevant part, that "[a] single judge may conduct all proceedings except the trial," and — with exceptions not relevant here — "enter all orders permitted by the rules of civil procedure."